ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

AUG 1 6 2022

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZHI DONG ZHANG,<br>  A/K/A Brother Wang<br>  A/K/A BW<br>  A/K/A Pancho<br>  A/K/A HeHe<br>  A/K/A HaHa<br>  A/K/A Chino<br>  A/K/A Summor Ownor | Criminal Indictment<br><br>No. **1:22CR-294**<br><br>**UNDER SEAL** |

THE GRAND JURY CHARGES THAT:

**Count One**

Beginning on a date unknown, but at least as of on or about January 21, 2022, and continuing until the date of this indictment, in the Northern District of Georgia and elsewhere, the defendant,

ZHI DONG ZHANG,

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury to violate Title 21, United States Code, Section 841(a)(1), that is to knowingly and intentionally possess with intent to distribute controlled substances, said conspiracy involving at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance,

and at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846.

### Count Two

On or about January 27, 2022, in the Northern District of Georgia and elsewhere, the defendant,

ZHI DONG ZHANG,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### Count Three

On or about February 25, 2022, in the Northern District of Georgia and elsewhere, the defendant,

ZHI DONG ZHANG,

aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least five kilograms of a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance, and at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## Count Four

Beginning on a date unknown, but at least as of on or about January 21, 2022, and continuing until the date of this indictment, in the Northern District of Georgia, the Republic of Mexico, and elsewhere, the defendant,

ZHI DONG ZHANG,

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with other persons known and unknown to the Grand Jury to violate Title 21, United States Code, Section 952(a), that is, to knowingly and intentionally import controlled substances into the United States from a place outside the United States, said conspiracy involving at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule I controlled substance, pursuant to Title 21, United States Code, Sections 960(a) and (b)(1), all in violation of Title 21, United States Code, Section 963.

## Count Five

Between at least March 13, 2020 and the date of this indictment, in the Northern District of Georgia and elsewhere, the defendant,

ZHI DONG ZHANG,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), that is, to knowingly conduct and attempt to conduct financial transactions in and affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under a law of the United States, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of proceeds of said specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(h).

## Count Six

Between at least March 13, 2020 and the date of this indictment, in the Northern District of Georgia and elsewhere, the defendant,

ZHI DONG ZHANG,

did knowingly combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury to violate

Title 18, United States Code, Section 1957, that is, to knowingly engage and attempt to engage in monetary transactions, by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, said money having been derived from the manufacture, importation, sale, and distribution of a controlled substance, all in violation of Title 18, United States Code, Section 1956(h).

## Counts Seven Through Nine

On or about the dates listed in the table below, in the Northern District of Georgia and elsewhere, the defendant,

ZHI DONG ZHANG,

aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the listed monetary transactions, by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, said money having been derived from the manufacture, importation, sale, and distribution of a controlled substance:

| Count | Date | Monetary Transaction | Amount |
| --- | --- | --- | --- |
| **Seven** | July 20, 2020 | Cash Deposit to JP Morgan Chase Bank Account #XXXXX1890 | $35,000 |
| **Eight** | July 20, 2020 | Cash Deposit to Wells Fargo Account #XXXXX3823 | $80,000 |
| **Nine** | July 20, 2020 | Cash Deposit at JP Morgan Chase Bank Account #XXXXX1890 | $20,000 |

each in violation of Title 18, United States Code, Section 1957 and Section 2.

## Counts Ten Through Thirteen

On or about the dates listed in the table below, in the Northern District of Georgia and elsewhere, the defendant,

ZHI DONG ZHANG,

aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the listed monetary transactions, by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, said money having been derived from the manufacture, importation, sale, and distribution of a controlled substance:

| Count | Date | Monetary Transaction | Amount |
| --- | --- | --- | --- |
| Ten | December 2, 2020 | Cash Deposit to Bank of America Account #XXXXXXXX1937 | $35,000 |
| Eleven | December 3, 2020 | Cash Deposit to JP Morgan Chase Bank Account #XXXXX0872 | $65,000 |
| Twelve | December 3, 2020 | Cash Deposit to JP Morgan Chase Bank Account #XXXXX5739 | $50,000 |
| Thirteen | December 3, 2020 | Cash Deposit to JP Morgan Chase Bank Account #XXXXX9361 | $50,000 |

each in violation of Title 18, United States Code, Section 1957 and Section 2.

## Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One to Four of this Indictment, the defendant, ZHI DONG ZHANG, shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in

any manner or part, to commit, or to facilitate the commission of said violations, including but not limited to, the following:

    (a)    MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, alleged in Counts One to Four of this Indictment.

    (b)    FUNDS:

        a. $166,695.36 in funds seized from Citibank account number XXXXXX1082 on June 8, 2021.

        b. $1,732.82 in funds seized from JPMorgan Chase account number XXXXXX5553 on June 8, 2021.

        c. $11,364.76 in funds seized from Bank of America account number XXXXXX1148 on July 2, 2021.

        d. $145,702.20 in funds seized from First Citizens bank account number XXXXXX9126 on July 1, 2021.

        e. $52,148.35 in funds seized from Wells Fargo Bank account number XXXXXX1662 on July 15, 2021.

        f. $1,337.11 in funds seized from Wells Fargo bank account number XXXXXX9443 on July 1, 2021.

        g. $431,628.19 in funds seized from Citibank account number XXXXXX7469 on July 1, 2021.

        h. $40,013.31 in funds seized form Bank of America account number XXXXXX9370 on July 26, 2021.

i. $2,120.00 in funds seized from Bank of America account number XXXXXX3364 on July 26, 2021.

j. $2,063.96 in funds seized from Bank of America account number XXXXXX7348 on July 26, 2021.

k. $41,092.30 in funds seized from JPMorgan Chase account number XXXXXX9762 on July 26, 2021.

l. $2,789.39 in funds seized from JPMorgan Chase account number XXXXXX7166 on July 26, 2021.

m. $1,935.00 in funds seized from JPMorgan Chase account number XXXXXX1331 on July 26, 2021.

n. $2,404.19 in funds seized from JPMorgan Chase account number XXXXXX0072 on July 26, 2021.

o. $1,764.33 in funds seized from JPMorgan Chase account number XXXXXX3812 on July 26, 2021.

p. $1,985.37 in funds seized from JPMorgan Chase account number XXXXXX7729 on July 26, 2021.

q. $2,551.73 in funds seized from JPMorgan Chase account number XXXXXX5537 on July 26, 2021.

r. $1,819.87 in funds seized from JPMorgan Chase account number XXXXXX6901 on July 26, 2021.

s. $36, 502.48 in funds seized from Wells Fargo account number XXXXXX2095 seized on July 26, 2021.

(c) CURRENCY:

   a. $503.00 in United States currency seized on February 26, 2022.

Upon conviction of one or more of the offenses alleged in Counts Five to Thirteen of this Indictment, the defendant, ZHI DONG ZHANG, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in said offenses, or any property traceable to such property, including, but not limited to, the following:

(d) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, alleged in Counts Five to Twelve of this Indictment.

(e) FUNDS:

   a. $166,695.36 in funds seized from Citibank account number XXXXXX1082 on June 8, 2021.

   b. $1,732.82 in funds seized from JPMorgan Chase account number XXXXXX5553 on June 8, 2021.

   c. $11,364.76 in funds seized from Bank of America account number XXXXXX1148 on July 2, 2021.

   d. $145,702.20 in funds seized from First Citizens bank account number XXXXXX9126 on July 1, 2021.

   e. $52,148.35 in funds seized from Wells Fargo Bank account number XXXXXX1662 on July 15, 2021.

f. $1,337.11 in funds seized from Wells Fargo bank account number XXXXXX9443 on July 1, 2021.

g. $431,628.19 in funds seized from Citibank account number XXXXXX7469 on July 1, 2021.

h. $40,013.31 in funds seized form Bank of America account number XXXXXX9370 on July 26, 2021.

i. $2,120.00 in funds seized from Bank of America account number XXXXXX3364 on July 26, 2021.

j. $2,063.96 in funds seized from Bank of America account number XXXXXX7348 on July 26, 2021.

k. $41,092.30 in funds seized from JPMorgan Chase account number XXXXXX9762 on July 26, 2021.

l. $2,789.39 in funds seized from JPMorgan Chase account number XXXXXX7166 on July 26, 2021.

m. $1,935.00 in funds seized from JPMorgan Chase account number XXXXXX1331 on July 26, 2021.

n. $2,404.19 in funds seized from JPMorgan Chase account number XXXXXX0072 on July 26, 2021.

o. $1,764.33 in funds seized from JPMorgan Chase account number XXXXXX3812 on July 26, 2021.

p. $1,985.37 in funds seized from JPMorgan Chase account number XXXXXX7729 on July 26, 2021.

q. $2,551.73 in funds seized from JPMorgan Chase account number XXXXXX5537 on July 26, 2021.

r. $1,819.87 in funds seized from JPMorgan Chase account number XXXXXX6901 on July 26, 2021.

s. $36, 502.48 in funds seized from Wells Fargo account number XXXXXX2095 seized on July 26, 2021.

(f) CURRENCY:

a. $503.00 in United States currency seized on February 26, 2022.

If, any of the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

\
\
\
\
\
\
\

11

the United States intends, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A    TRUE    BILL

*/s/ Foreperson*
FOREPERSON

RYAN K. BUCHANAN
  *United States Attorney*

*/s/ Tyler A. Mann*
TYLER A. MANN
  *Assistant United States Attorney*
Georgia Bar No. 320397

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181